## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois
### Eastern Division

In re:  **John L. King**

     **XXX-XX-5727**

Case No. _____

Chapter   **13**

# STATEMENT OF FINANCIAL AFFAIRS

## 1.  Income from employment or operation of business

None      State the gross amount of income the debtor has received from employment, trade, or profession, or from
☐   operation of the debtor's business from the beginning of this calendar year to the date this case was
commenced.  State also the gross amounts received during the two years immediately preceding this
calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather
than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's
fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under
chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **12,000.00** | **Employment** | **2005** |
| **20,000.00** | **Employment** | **2003** |
| **13,000.00** | **Employment** | **2004** |

## 2.  Income other than from employment or operation of business

None      State the amount of income received by the debtor other than from employment, trade,
☑   profession, or operation of the debtor's business during the **two years** immediately preceding the
commencement of this case.  Give particulars.  If a joint petition is filed, state income for each
spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for
each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint
petition is not filed.)

## 3.  Payments to creditors

None      a.  List all payments on loans, installment purchases of goods or services, and other debts,
☑   aggregating more than $600 to any creditor, made within **90 days** immediately preceding the
commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include
payments by either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

None      b.  List all payments made within **one year** immediately preceding the commencement of this case
☑   to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12
or chapter 13 must include payments by either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None      a.  List all suits and administrative proceedings to which the debtor is or was a party within one year
☐   immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or
chapter 13 must include information concerning either or both spouses whether or not a joint petition is
filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Countrywide Home Loans v. John L. King** | **Foreclosure action** | **Twelfth Judicial Circuit of Will County, Illinois** | **Pending** |

**03 CH 1642**

None ☑
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None ☑
List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None ☑
a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☑
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☑
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☑
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Terecen M. Fenelon**<br>**445 W. Jackson Av.**<br>**Suite 107**<br>**Naperville, IL 60540** | **September 26, 2005** | **800.00** |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petiton is filed, unless the spouses are separated and a joint petition is not filed.)

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None
☑

       If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  _____

Signature
of Debtor   **John L. King**

In re:  **John L. King**                                                              Case No.
     **XXX-XX-5727**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

   I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **13**  sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.


Date: _____          Signature_____

                                                **John L. King**

                                 [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF CORPORATION OR PARTNERSHIP

### (NOT  APPLICABLE)

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

## UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

### Eastern Division

In re:     **John L. King**

Debtor

Case No. _____

Chapter     **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,200.00** |
| Prior to the filing of this statement I have received | $ | **611.00** |
| Balance Due | $ | **1,589.00** |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e) [Other provisions as needed]
      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **None**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: _____

_____

**Terence M. Fenelon**, Bar No.  **03126087**

**Law Offices of Terence M. Fenelon**

Attorney for Debtor(s)

# United States Bankruptcy Court
## Northern District of Illinois
## Eastern Division

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR

> The purpose of this notice is to acquaint you with the four chapters of the Federal Bankruptcy Code under which you may file a bankruptcy petition.  The bankruptcy law is complicated and not easily described.  Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court.  Court employees are prohibited from giving you legal advice.

## Chapter 7:  Liquidation ($130.00 filing fee plus $30.00 administrative fee plus $15.00 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed the certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law.  Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest.  Your attorney can explain the options that are available to you.

## Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income
### ($130.00 filing fee plus $30.00 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings.  Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11:  Reorganization ($800.00 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer  ($200.00 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to a chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family owned farm.

I, the debtor, affirm that I have read this notice.

_____     _____     _____
Date                                      **John L. King,** Debtor                                                          Case Number

**FORM B1**

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

# Voluntary Petition

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>**King, John L.** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**XXX-XX-5727** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br><br>**228 Campbell**<br>**Bolingbrook, IL 60440** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Will** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

Location of Principal Assets of Business Debtor
(if different from street address above):

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

- [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

### Type of Debtor (Check all boxes that apply)
- [x] Individual(s)
- [ ] Corporation
- [ ] Partnership
- [ ] Other _____
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker

### Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [x] Chapter 13
- [ ] Sec. 304 - Case ancillary to foreign proceeding

### Nature of Debts (Check one box)
- [x] Consumer/Non-Business
- [ ] Business

### Chapter 11 Small Business (Check all boxes that apply)
- [ ] Debtor is a small business as defined in 11 U.S.C. § 101
- [ ] Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

### Filing Fee (Check one box)
- [x] Full Filing Fee Attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installment Rule 1006(b). See Official Form No. 3.

### Statistical/Administrative Information (Estimates only)
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Debts

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Voluntary Petition**
*(This page must be completed and filed in every case)*

Name of Debtor(s):
**John L. King**

Page 2

| Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **Northern District, Eastern Division** | Case Number:<br>**04-21905** | Date Filed:<br>**June 8, 2004** |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature(s) of Debtor (Corporation/Partnership) |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X  **Not Applicable**<br>   Signature of Joint Debtor<br><br>_____<br>Telephone Number (If not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  **Not Applicable**<br>   Signature of Authorized Individual<br><br>_____<br>Print or Type Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date |

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|
| X _____<br>   Signature of Attorney for Debtor(s)<br><br>**Terence M. Fenelon,  03126087**<br>Printed Name of Attorney for Debtor(s) / Bar No.<br><br>**Law Offices of Terence M. Fenelon**<br>Firm Name<br><br>**445 W. Jackson  # 107**<br>Address<br><br>**Naperville, IL**<br><br>**(630)717-1255**<br>Telephone Number<br><br>_____<br>Date | I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.<br><br>**Not Applicable**<br>Printed Name of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number<br><br>_____<br>Address<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>X  **Not Applicable**<br>   Signature of Bankruptcy Petition Preparer<br><br>_____<br>Date<br><br>A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156. |

| **Exhibit A** |
|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)<br>☐ Exhibit A is attached and made a part of this petition. |

| **Exhibit B** |
|---|
| (To be completed if debtor is an individual whose debts are primarily consumer debts)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he/she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter.<br><br>X _____ _____<br>   Signature of Attorney for Debtor(s)            Date |

In re:   **John L. King**                                          Case No.

      **XXX-XX-5727**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **228 Campbell, Bolingbrook, IL 60440** | **Fee Owner** | | **$ 200,000.00** | **$ 182,000.00** |
| | Total ➤ | | $ 200,000.00 | |

(Report also on Summary of Schedules.)

In re   **John L. King**                                                    Case No.
        **XXX-XX-5727**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | | **20.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking** | | **20.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Furniture and Household goods** | | **875.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothing** | | **1,000.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

Schedule B Page 1 of 3

In re   **John L. King**                                                Case No.
**XXX-XX-5727**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles. | | **1996 Mercury Cougar** | | **1,500.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **Computer** | | **100.00** |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| | | | | |

In re  **John L. King**                                           Case No.
       **XXX-XX-5727**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | | **Loans to Relatives** | | **1,200.00** |

_____ continuation sheets attached                Total  ➤        **$  4,715.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

In re  **John L. King**                                                         Case No.
**XXX-XX-5727**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)   Exemptions provided in 11 U.S.C. § 522(d).  Note:  These exemptions are available only in certain states.

☑ 11 U.S.C. § 522(b)(2)   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFIC LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **1996 Mercury Cougar** | **735 ILCS 5/12-1001(c)** | **1,200.00** | **1,500.00** |
| **228 Campbell, Bolingbrook, IL 60** | **735 ILCS 5/12-901** | **7,500.00** | **200,000.00** |
| **Cash** | **735 ILCS 5/12-1001(b)** | **20.00** | **20.00** |
| **Checking** | **735 ILCS 5/12-1001(b)** | **20.00** | **20.00** |
| **Clothing** | **735 ILCS 5/12-1001(a),(e)** | **1,000.00** | **1,000.00** |
| **Computer** | **735 ILCS 5/12-1001(b)** | **100.00** | **100.00** |
| **Furniture and Household goods** | **735 ILCS 5/12-1001(b)** | **875.00** | **875.00** |
| **Loans to Relatives** | **735 ILCS 5/12-1001(b)** | **985.00** | **1,200.00** |

In re: **John L. King**                                                                          Case No.

**XXX-XX-5727**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **1878443**<br>**Countrywide**<br>**P. O. Box 660694**<br>**Dallas, TX 75266-0694**<br><br>**Pierce & Associates**<br>**Attorneys at Law**<br>**18 S. Michigan, #1200**<br>**Chicago IL 60603** | | | **Mortgage - arrearage**<br>**228 Campbell, Bolingbrook, IL**<br>**60440 - Mortgage Arrearage**<br>_____<br>**VALUE $200,000.00** | | | | **26,585.00** | 0.00 |
| ACCOUNT NO.   **1878443**<br>**Countrywide**<br>**P.O. Box 660694**<br>**Dallas, TX 75266-0694** | | | **Mortgage**<br>**228 Campbell, Bolingbrook, IL**<br>**60440**<br>_____<br>**VALUE $200,000.00** | | | | **177,000.00** | 0.00 |
| ACCOUNT NO.   **41410200291168**<br>**Household Finance**<br>**P.O. Box 17574**<br>**Baltimore, MD 22297** | | | **Security Agreement**<br>**228 Campbell, Bolingbrook, IL**<br>**60440 - Second Mortgage**<br>**Arrearage**<br>_____<br>**VALUE $200,000.00** | | | | **900.00** | 0.00 |
| ACCOUNT NO.   **41410200291168**<br>**Household Finance**<br>**P.O. Box 17574**<br>**Baltimore, MD 22297** | | | **Security Agreement**<br>**228 Campbell, Bolingbrook, IL**<br>**60440**<br>_____<br>**VALUE $200,000.00** | | | | **4,632.42** | 0.00 |

| | | |
|---|---|---|
| Subtotal | ➤ | **$209,117.42** |
| **Total** | ➤ | **$209,117.42** |

(Report total also on Summary of Schedules)

In re:    **John L. King**
          **XXX-XX-5727**

Case No.

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4300* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4300* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $1,950* for deposits for the purchase, lease, or rental of property or services for personal, family, orhousehold use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | ➢ | $0.00 |
| **Total** | ➢ | **$0.00** |

Schedule E Page 1 of 1

In re:  **John L. King**                                                                                    Case No.
        **XXX-XX-5727**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **253716**<br><br>**Century Liquidation**<br>**3604 Macon Rd.**<br>**Columbus, GA 31907** | | | **Consumer Purchases** | | | | 1,970.00 |
| ACCOUNT NO.   **7065588031**<br><br>**Commonwealth Edison**<br>**Bill Payment Center**<br>**Aurora, IL 60678** | | | **Utility** | | | | 950.00 |
| ACCOUNT NO.   **5488-9750-2188-5499**<br><br>**Household Bank**<br>**P.O. Box 17051**<br>**Baltimore, MD  21297** | | | **Consumer Purchases** | | | | 403.61 |
| ACCOUNT NO.   **09-0491728-3**<br><br>**Illinois American Water**<br>**P.O. Box 578**<br>**Alton, IL 62002** | | | **Utility** | | | | 410.00 |
| ACCOUNT NO.   **1009553**<br><br>**Levy Diamond & Assoc,**<br>**P.O. Box 352**<br>**Milford, CT 06460** | | | **Consumer Purchases** | | | | 2,189.45 |

Schedule F Page 1                                                                 Subtotal          ➢
                                                                         (Total of this page)                    **$5,923.06**

In re:  **John L. King**                                                                                    Case No.
**XXX-XX-5727**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.    **6-37-08-4830-8**<br><br>**Nicor Gas**<br>**P.O. Box 310**<br>**Aurora, IL 60507** | | | **Utility** | | | | 3,424.42 |
| ACCOUNT NO.    **2888617**<br><br>**Nicor Home Services**<br>**c/o ER Solutions, Inc.**<br>**P.O. Box 9004**<br>**Renton, WA 98057-9004** | | | **Consumer Purchases** | | | | 464.91 |
| ACCOUNT NO.    **436147140044566**<br><br>**Providian**<br>**P.O. Box 660763**<br>**Dallas, TX 75266** | | | **Consumer Purchases** | | | | 386.94 |
| ACCOUNT NO.    **630-378-5045-8029**<br><br>**SBC Ameritech**<br>**SBC Bill Payment Center**<br>**Chicago, IL 60663** | | | **Utility** | | | | 110.00 |
| ACCOUNT NO.    **030022025754**<br><br>**Village of Downers Grove**<br>**801 Burlington Av.**<br>**Downers Grove, IL 60515**<br><br><br>**Nationwide Credit and Collections**<br>**9919 Roosevelt Rd.**<br>**Westchester, IL 60154** | | | **Parking Tickets** | | | | 220.00 |

|  |  |
|---|---|
| Subtotal<br>(Total of this page) ➤ | **$4,606.27** |
| **Total** ➤ | **$10,529.33** |

Schedule F Page 2

(Report total also on Summary of Schedules)

In re:  **John L. King**
        **XXX-XX-5727**                                                    Case No.

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
|  |  |

In re:  **John L. King**                                                    Case No.
       **XXX-XX-5727**

# SCHEDULE H - CODEBTORS

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Schedule H - Page  1 of 1

In re   **John L. King**                                                    Case No.
**XXX-XX-5727**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **divorced** | DEPENDENT'S OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Debtor's Age:<br>Spouse's Age: | NAMES | AGE | RELATIONSHIP |
| | **Stephen** | **17** | **Son** |
| | **David** | **16** | **Son** |
| | **Matthew** | **15** | **Son** |
| | **Christina** | **14** | **Daughter** |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Computer Consultant** | |
| How long employed | **4 months** | |
| Name and Address of Employer | **Self employed** | |

| Income: (Estimate of average monthly income) | | DEBTOR | SPOUSE |
|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | 3,683.31 | $ |
| Estimated monthly overtime | $ | 0.00 | $ |
| SUBTOTAL | $ | 3,683.31 | $ |
| LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | $ | 810.33 | $ |
| b. Insurance | $ | 0.00 | $ |
| c. Union dues | $ | 0.00 | $ |
| d. Other (Specify)   **Child Support** | $ | 718.37 | $ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,528.70 | $ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | 2,154.60 | $ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | 0.00 | $ |
| Income from real property | $ | 1,250.00 | $ |
| Interest and dividends | $ | 0.00 | $ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ |
| Social security or other government assistance (Specify) | $ | 0.00 | $ |
| Pension or retirement income | $ | 0.00 | $ |
| Other monthly income | | | |
| (Specify) | $ | 0.00 | $ |
| TOTAL MONTHLY INCOME | $ | 3,404.60 | $ |

TOTAL COMBINED MONTHLY INCOME $ _____ **3,404.60** _____ (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:        **NONE**

In re **John L. King**                                                          Case No.

**XXX-XX-5727**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,865.00 |
| Are real estate taxes included?        Yes  ✓    No | | |
| Is property insurance included?        Yes  ✓    No | | |
| Utilities  Electricity and heating fuel | $ | 145.00 |
|     Water and sewer | $ | 55.00 |
|     Telephone | $ | 50.00 |
|     Other | $ | 0.00 |
| Home Maintenance (Repairs and upkeep) | $ | 30.00 |
| Food | $ | 175.00 |
| Clothing | $ | 25.00 |
| Laundry and dry cleaning | $ | 10.00 |
| Medical and dental expenses | $ | 15.00 |
| Transportation (not including car payments) | $ | 300.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|     Homeowner's or renter's | $ | 0.00 |
|     Life | $ | 0.00 |
|     Health | $ | 0.00 |
|     Auto | $ | 50.00 |
|     Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| Installment payments (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|     Auto | $ | 0.00 |
|     Other | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other | $ | 0.00 |
| **TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules)** | $ | **2,720.00** |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A. Total projected monthly income | $ | 3,404.60 |
| B. Total projected monthly expenses | $ | 2,720.00 |
| C. Excess income (A minus B) | $ | 684.60 |
| D. Total amount to be paid into plan each     **Monthly** | $ | 12,033.15 |
| (interval) | | |

# United States Bankruptcy Court
## Northern District of Illinois

## Eastern Division

In re  **John L. King**

**XXX-XX-5727**

Case No.

Chapter   **13**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $        200,000.00 | | |
| B - Personal Property | YES | 3 | $        4,715.00 | | |
| C - Property Claimed As Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $        209,117.42 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 1 | | $        0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $        10,529.33 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $        3,404.60 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $        2,720.00 |
| Total Number of sheets ➢ in ALL Schedules | | 13 | | | |
| Total Assets ➢ | | | $        204,715.00 | | |
| Total Liabilities ➢ | | | | $        219,646.75 | |